MARSHALL & E. T. RY. CO. v. KILLINGSWORTH et al.

(Court of Civil Appeals of Texas. Texarkana. Jan. 16, 1914. Rehearing Denied Jan. 22, 1914.)

1. RAILROADS (§ 465*) — FIRES — PROXIMATE CAUSE.

Where a clinker from a railroad engine set fire to combustible material on the right of way, which without the interposition of any other cause than the natural elements, was subsequently communicated to logs on adjoining land, sparks from which set fire to a barn, the leaving of the combustible material on the right of way was the proximate cause of the burning of the barn.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1690–1693; Dec. Dig. § 465.*]

2. RAILROADS (§ 481*) — FIRES — RELEVANCY— SIMILAR MATTERS.

In an action against a railroad company for setting fire to a barn containing a quantity of corn, evidence as to the time certain corncribs observed by a witness consumed in burning, offered to show that, had there been as much corn in the barn as claimed, it would have required a longer time for it to burn, was properly excluded, as it related to a distinct and independent collateral fact, necessitating the determination of collateral questions.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

3. RAILROADS (§ 484*)—FIRES—QUESTIONS FOR JURY.

A clinker from a railroad engine set fire to combustible material on the right of way, which spread to the grass and rubbish on the north side of the track in the vicinity of a barn, the owner of which extinguished the fire. It also spread to the adjacent land on the south side, where it set fire to some logs, sparks from which that night set fire to the barn. Held, that whether the owner of the barn was negligent in failing to extinguish all the fire in that vicinity was a question for the jury, and hence the court properly refused to charge that, if the owner could have extinguished the fire by ordinary effort, and at moderate expense, it was his duty to do so.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1740–1746; Dec. Dig. § 484.*]

4. RAILROADS (§ 484*)—FIRES—QUESTION FOR JURY.

Where a clinker from a railroad engine set fire to combustible material on the right of way, which spread to. adjoining lands, and burned a barn, whether the adjoining owner was contributorily negligent in having combustible material on his land was a question for the jury, and hence an instruction that, even though the railroad company was negligent in leaving combustible material on the right of way, if plaintiff's land was also covered by such material, to find for the company, unless it started the fire by some other negligence, was properly refused.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1740–1746; Dec. Dig. § 484.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by W. H. Killingsworth and another against the Marshall & East Texas Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

F. H. Prendergast, of Marshall, for appellant. S. P. Jones and J. H. T. Bibb, both of Marshall, for appellees.

HODGES, J. J. W. H. Killingsworth and the Ætna Insurance Company filed this suit in the court below against the appellant, asking for damages for the destruction by fire of a building called a "commissary" and its contents. Killingsworth was the lessee of a large plantation lying along on the north side of the appellant's right of way in Harrison county near a station called Eagleton. There was a large building on this farm, situated near the railway track and depot, in which was stored a quantity of corn and syrup. In March, 1911, this building and its contents were destroyed by fire. The testimony supports a finding that the fire originated from what is called a "clinker," which had been dropped on the railway track from one of appellant's engines as it passed that point. The "clinker" ignited some combustible material which had been left upon the track, and from there the fire spread to the adjacent land on the south side. The flames passed over the track to the north side, and ignited the grass and rubbish in the vicinity of the destroyed building. The fire at that place, however, was subdued some time be-

fore night; it having been discovered by Killingsworth and his employés. It had also ignited some oak logs lying on the south side of the railway track a short distance from the building above referred to. About 11 o'clock at night this building was burned. The evidence indicates that the fire was communicated by sparks from the burning logs.

[1] It is claimed that the court erred in the following charge: "That, if the defendant was guilty of negligence, in that it failed to exercise ordinary care to keep its roadbed and right of way reasonably free from combustible material that might be ignited in the ordinary operation of its trains, and which probably would result in fire being communicated to and destroying the property, and if the fire was so communicated, and destroyed the property, the plaintiffs would be entitled to recover, unless they were precluded from recovery by contributory negligence." It is asserted that this was erroneous, because leaving combustible material on the right of way was not the proximate cause of the loss in this instance. That the fire originated from the burning clinker, and was subsequently communicated to the logs without interposition of any other cause than the natural elements, is supported by the evidence. Hence there can be no controversy about the existence of the fire in that locality being due to the facts referred to in the charge, and there is no basis for the contention that setting the fire in the combustible material on the right of way was not the proximate cause of the loss.

It is also contended that the verdict in this case is excessive, and is not supported by the evidence, because it was shown that the building, according to its admitted dimensions, was too small to hold the quantity of corn which the jury found had been destroyed. The testimony upon this issue consisted of experiments and trial measurements made by different parties, and which led to different conclusions as to the capacity of the building. We cannot say, as a matter of law, that the finding of the jury is without support.

[2] The seventh error assigned complains of the action of the court in excluding the proffered testimony of W. R. Koon, offered by the appellant. The bill of exceptions shows that Koon would have testified as follows: "I saw two cribs of corn burned some years ago. One of the cribs had 300 bushels, and the other had 200 bushels. The corn was gathered in the fall, and was burned in March, and was about a week in burning up." This testimony was probably offered for the purpose of showing that, had there been as many bushels of corn as the jury found from the evidence were destroyed, it would have required a much longer time for it to have been consumed. There was no error in excluding this testimony. It was but an effort to combat the proof offered by the appellees by distinct and independent collateral facts necessitating the determination of collateral questions. 1 Greenleaf on Evidence, §§ 51, 52; 11 Ency. of Evi. pp. 770–772. It will be observed that Koon was not offered as an expert, in which his opinion was sought as to how long it would take a given quantity of corn to be consumed under such circumstances. He was merely undertaking to detail an independent occurrence which he claims to have observed upon a previous occasion.

[3] It is claimed that the court erred in refusing to give the following special charge: "If the plaintiff saw the fire burning near the commissary on the afternoon and night before the house was burned, and if the plaintiff could have extinguished the fire by ordinary effort, and at moderate expense, then it was the plaintiff's duty to have so extinguished the fire, and the railway company would have to pay for the labor and expense incurred in extinguishing the fire, if the fire was the result of the defendant's negligence." Had this charge been given, it would in effect have told the jury that the failure of Killingsworth to extinguish the fire was negligence per se. It was correctly refused. Whether or not he was guilty of negligence in failing to extinguish all of the fire in that vicinity under the particular circumstances was a question for the jury to determine.

It is also claimed that the court erred in refusing to charge the jury, at the instance of the appellant, that, inasmuch as the plaintiffs had alleged that the fire was caused by the negligence of the appellant's engine throwing sparks, they could not recover by showing that the fire started from some other cause. The allegations in the petition are sufficiently comprehensive to support a finding based upon the negligence resulting from leaving combustible material upon the right of way. They are not confined to the particular act referred to in this requested instruction. The charge was properly refused.

[4] The appellant requested the following special charge: "The jury cannot base their verdict on the ground that the defendant company was negligent in leaving combustible material on its right of way, if you find that plaintiff's land was also covered with combustible material, unless you find that defendant started the fire by some other negligence." The manner in which the fire burned indicated that there was not only combustible material upon the right of way of the appellant company but also upon the land under the control of Killingsworth. It may be assumed that Killingsworth might have been held responsible for culpable negligence in failing to take some precautions against the possible spread of fire from such a source; but that was a question for the jury, and the court was not authorized to assume, as a matter of law, that, because com-

bustible material from which fire might originate was on the right of way of the railway company, the presence of such material also upon the land of Killingsworth was sufficient to convict him of contributory negligence. It may be that a person of ordinary prudence would have taken no more precautions against the spread of fire than did Killingsworth. The court submitted the issue of contributory negligence in a manner that is not complained of.

The remaining assignments of error have all been considered, and are overruled.

The judgment of the district court is affirmed.