# CHARLESTON.

R. M. ORANDER *v.* C. B. STAFFORD.

(No. 5152.)

Submitted March 10, 1925.   Decided March 17, 1925.

1.  NEGLIGENCE—*Care Required to Prevent Fire.*

As a general rule, where an accidental fire starts on one's premises, he is not liable for the damage thereby to his neighbor, unless it started.through his negligence, or he failed to use ordinary care and skill to extinguish it, or failed to provide adequate means for doing so.   (p. 501).

(Negligence 29 Cyc. pp. 460, 461.)

2.  SAME—*Degrees of Care Required in Using Fire.*

In the lawful use of fire one must exercise ordinary care and prudence to prevent it from injuring others, the degree of care to be exercised depending on the facts and circumstances of the particular case: the greater the danger to others from failure to exercise care, the greater is the degree of care required.   (p. 501).

(Negligence, 29 Cyc. p. 460.)

3.  SAME—TRIAL—*Giving Instruction on Theory Advanced by Party Offering It Is Not Error, if There Is Any Evidence; Instruction as to Defective Condition of Oil Stove in Automobile, Which Caught Fire Not Error.*

It is not error to submit to the jury an instruction covering a theory advanced by the party offering it, if there is any evidence on which to base it, no matter how slight and inclusive that evidence may be.   (p. 503).

(Trial, 38 Cyc. p. 1623.)

(NOTE:—Parenthetical references by Editors. C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, McDowell County.

Action by R. M. Orander against C. B. Stafford.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Joseph M. Crockett,* for plaintiff in error.
*F. C. Cook,* for defendant in error.

MILLER, JUDGE:

Claiming damages for the partial destruction of his automobile by fire, caused by the alleged negligence of defendant's servant or driver, plaintiff brought this action, and recovered in the trial court a verdict and judgment for $750.00. To the judgment of the court below, defendant has prosecuted this writ of error.

Plaintiff was a taxicab owner and driver and had parked his car on a wooden platform used for that purpose, located just off a public street. Defendant's car, also used as a taxicab and operated by a driver employed for that purpose, was parked by the side of plaintiff's car. Defendant's car was heated by means of a kerosene oil stove placed between the front and back seats. In some way defendant's car took fire, and the fire was communicated to plaintiff's car, doing the injury complained of.

The declaration alleges that it was the duty of defendant to use due care in the use of his automobile so as not to injure the automobile of plaintiff, and especially not to have or leave in his automobile any appliances, apparatus, fixtures, materials or combustible matter that was liable to become ignited and set fire to the car; and in the event any such dangerous appliances, materials or matter were placed in his automobile, it became the duty of defendant to watch and guard the same so as to prevent injury therefrom to plaintiff's automobile.

The direct act of negligence alleged is that defendant carelessly and negligently placed in his automobile a defective oil stove, which was so constructed that the wick and burner thereof were exposed to heavy drafts of air, and would explode and ignite the oil used for fuel, and that no one was placed to watch this dangerous agency so left in defendant's automobile, as a result of which the stove exploded, causing the injury complained of.

The evidence tends clearly to show that the fire originated in defendant's automobile, though no one testified directly to having seen the fire start. Both cars were equipped with side curtains, containing isinglass or composition windows,

which the testimony shows were highly inflammable, and that when the fire was discovered all efforts to extinguish it in time to save plaintiff's car from injury were unavailing. Defendant and his driver say the oil stove was in good condition. And the driver says it was burning properly when he left the car a short time before the fire. When the driver discovered the fire, and got to the car, he began to throw out the seat cushions and other articles in the car; and says he removed the stove and dropped it over the side of the platform into the creek, and that the stove was then burning just as when he left it. But other witnesses testified that the stove was all aflame when removed from the car, and that it continued to flame after being thrown into the creek. The next morning plaintiff and another witness removed the stove from the creek and took it to a neighboring garage, where it was kept until the trial. Plaintiff testified that when he recovered the stove, there was no cap on the burner. It appears that the stove was equipped with a cap on the burner, which prevented the wick from being turned up high and kept the flame down.

Plaintiff's theory is that defendant was guilty of negligence *per se* in leaving the lighted kerosene oil stove in an automobile surrounded by highly combustible materials such as cushions, side curtains, the so-called isinglass windows, etc. Defendant contends that plaintiff must show negligence in the use of the stove, or that it was out of repair, and that the mere use of an oil stove in a car is not sufficient to constitute negligence.

The general rule in this country is that where an accidental fire starts upon one's premises, he is not liable for the damages thereby to his neighbor, unless it started through his negligence, or he failed to use ordinary care and skill to extinguish it, or failed to provide adequate means for so doing. 3 Shearman & Redfield on Negligence, (6th ed.), §665; *Mahaffey* v. *Lumber* Co., 61 W. Va. 571; *Keyser Canning Co.* v. *Klots Throwing Co.*, 98 W. Va. 487, decided at this term. But here there is no evidence of negligence in failing to prevent the fire from spreading after it was discovered. No one seems to have seen the fire in time to ex-

tinguish it, or to move either of the automobiles, before it was communicated to plaintiff's car. The negligence relied on is not failure to prevent the fire from spreading, but in creating the conditions that led to the starting of the fire. In *Collins* v. *George*, 102 Va. 509, followed and quoted in *Mahaffey* v. *Lumber Co., supra,* it is said: "The general rule is that persons in the lawful use of fire must exercise ordinary care to prevent it from injuring others. What is ordinary care and prudence depends on the circumstances of the particular case. The greater the danger of communicating fire to the property of others, the more the precautions and the greater the vigilance necessary to constitute such care." "Reasonable care and negligence are relative terms and depend upon the circumstances and exigencies of the particular case. The greater the danger to others from failure to exercise care, the greater is the degree of care required." *Morrison* v. *Appalachian Power Co.,* 75 W. Va. 608; Enc. Dig. Va. & W. Va. Rep. 4 Cum. Sup. 938. In other words, the degree of care must be proportionate to the danger created. An ordinary oil stove might not be considered dangerous when used in a residence, but no one would consider it a safe appliance for heating a barn stored with hay; fodder and other dry and very combustible materials. In the case of fire, the degree of care required depends largely on the surroundings, or on the building or place where it is used. *Keyser Canning Co.* v. *Klots Throwing Co., supra.* Here, it is shown that the fire spread very rapidly; so rapidly that one witness on the trial said he jumped into plaintiff's car before it took fire, but only had time to start the motor before he was obliged to abandon it because of the heat, and that the curtains flared up all at once. There can be no doubt that any prudent person knows the inflammable nature of curtains and other accessories used about an automobile, and the danger of having fire about or in cars operated with gasoline, and where the numerous gears and bearings are at all times covered with combustible oils. We think that it was within the province of the jury to say whether or not defendant's servant used reasonable care under the circumstances.

Defendant complains of the action of the court in submitting to the jury, on its own motion, an instruction on the question of the defective condition of the oil stove, on the ground that there was no evidence that the stove was defective. But it does appear that the burner cap was missing when the stove was recovered by plaintiff after the fire; and one witness testified that without the cap the flame would flare up; and there was other evidence that such a stove would be dangerous if the burner cap was removed. An instruction can not be deemed erroneous if there is any evidence on which to base it, no matter how slight and inconclusive that evidence may be. *State* v. *Clifford,* 59 W. Va. 20; *Williams* v. *Schehl,* 84 W. Va. 499; *Griffith* v. *Coal Co.,* 75 W. Va. 686. The giving of this instruction did not violate the rule that it is not error to refuse an instruction based on a mere scintilla of evidence.

The court, on its own motion, further instructed the jury that "although they may believe from the evidence that defendant's oil stove was not defective, still if the jury further believe that the defendant's driver left the lamp burning in such a negligent way as to cause it to set fire to his car," etc., they should find for the plaintiff. It is not quite clear as to what theory of plaintiff's case, or to what evidence, the court intended this instruction to apply. It may be that it was intended to cover the question as to whether the driver "left the lamp burning" in the car, and that the expression was only intended to premise the remainder of the instruction.

The part of the instruction criticized by defendant's counsel is the phase "in such a negligent way." In view of our holding that under all the circumstances and facts of the case, the jury were warranted in finding that it was negligence to leave the stove burning in the car, we do not think the jury could have been misled by the particular expression "in such a negligent way." If it was negligent to leave the burning stove in the car, the "way" in which it was left did not matter. The jury must have found that it was a negligent act to leave the lighted stove in the automobile.

The refusal of defendant's instruction on the question of contributory negligence is assigned as error. The evidence

tends to show that plaintiff did all he could to save his car from injury. He says he jerked the curtains off and used his fire extinguisher in an effort to put the fire out, and that he could not get to the articles in the car because the fire was blazing all about them.

It is said that the amount of the verdict is excessive. Plaintiff requested an automobile mechanic to make an estimate of the cost of repairing his car. This estimate was introduced with the testimony of plaintiff, who says the car was worth eighteen hundred dollars before the fire, and that he traded it in on a new car, and was allowed five hundred dollars for it unrepaired. The mechanic himself was examined on the witness stand with reference to the itemized estimate made by him. He gave it as his opinion that it would require $884.75 to put the car in its former condition. The other items claimed by plaintiff were an overcoat, blanket, rug, and a suit of overalls, valued by him at $49.00. Defendant also introduced evidence as to the cost of some of the articles or parts destroyed. On this evidence the jury found for plaintiff. There was ample evidence to support the amount of damages returned by the jury.

We are of opinion to affirm the judgment.

*Affirmed.*