# CHARLESTON.

H. A. DANIELLEY *et al* v. VIRGINIAN RAILWAY COMPANY

## (No. 5815)

Submitted January 25, 1927.   Decided February 1, 1927.

1. RAILROADS—*Evidence of Fires Caused by Other Engines Held Inadmissible; in Action For Fire Spread by Certain Engine, Admitting Evidence That Other Engines of Different Type Hauling Heavy Freight Trains Caused Fires in Vicinity Was Error.*

   Point 1 of syllabus in *Lafferty* v. *Lumber Co.,* 100 W .Va. 159, applied.   (p. 99).

   (Railroads, 33 Cyc. p. 1373.)

2. SAME—*Proper Operation of Locomotives Equipped With Safety Devices Does Not Absolve Railroad From Liability For Fire Set to Combustibles (Code, c. 62, § 30 Subd. [d]).*

   A railroad company is not absolved from liability for a fire originating on its right of way from sparks or fire from

its locomotives communicated to highly combustible materials, such as dry brush, weeds and grass cut and allowed by it to remain on its right of way, and thence spreading to the damage of other lands, even though its locomotives are equipped with approved spark arresters and ash pans in good condition, and the locomotives are operated properly by competent servants.   (p. 100).

(Railroads, 33 Cyc. p. 1336.)

3.   DAMAGES—*Under Declaration For Damages to Growing Timber, Fences, and Grass by Fire, General Damages to Land Cannot be Considered.*

Where the declaration is for damages to growing timber, fences and grass caused by a fire, general damages to the land cannot be considered, and plaintiff will be confined to evidence of damage to the specific items for which he sues. (p. 101).

(Damages, 17 C. J. § 320.)

4.   SAME—*Damage For Burning Growing Timber is Market Value on Stump; Damage For Partially Burning Growing Timber is Difference Between Market Value Immediately Before and Immediately After Fire.*

Where growing timber of no special value other than its commercial value is destroyed by such fire, the proper measure of damage is its market value on the stump; and if partially destroyed or injured the measure of damage is the difference between its market value immediately before and after the fire.   (p. 102).

(Railroads, 33 Cyc. p. 1391.)

5.   SAME—*In Action For Burning Timber, Jury Should be Instructed As to Rule For Measuring Damages, and Not to Find Whatever Damages Would Compensate Plaintiff.*

In such case, the jury should be instructed as to the rule for measurement of damages, and should not be instructed to find whatever damages they might think proper to make the plaintiff whole.   (p. 102).

(Damages, 17 C. J. § 362.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

WOODS, JUDGE, absent.

Error to Circuit Court, Mercer County.

Action by H. A. Danielley and others against the Virginian Railway Company.  Judgment for plaintiffs, and defendant brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Brown, Jackson & Knight, Williams, Loyall & Tunstall, H. C. Ellett,* and *Martin & Wingfield,* for plaintiff in error.

*C. B. Martin,* for defendants in error.

LIVELY, JUDGE:

The railroad company prosecutes error to a judgment of the circuit court based on a verdict of $600.00 awarded plaintiffs in an action for damages to plaintiffs' timber, fence and grass from a fire originating on defendant's right of way from one of its locomotives.

The declaration charges that defendant negligently operated its locomotive equipped with insufficient spark arresters and ash pan, and negligently permitted a large amount of inflammable material, such as brush, weeds, grass and the like, to accumulate and remain on its right of way, which was ignited by fire from the locomotive, and which spread to plaintiffs' land.

The preponderance of the evidence establishes the fact that, at the time and place of the fire, April 8, 1925, there was an accumulation of inflammable material on defendant's right-of-way, and that the fire originated there and was discovered just after defendant's passenger locomotive No. 201, to which two wooden passenger coaches were attached, had passed. The grade was heavy and on a curve where the engines generally labored in pulling the grade. No one saw sparks or fire thrown into the inflammable material on the right-of-way, and as is usual in such fires, plaintiff had to rely on circumstances. As tending to prove that engine 201 spread the fire plaintiff was permitted, over objection, to show that on other previous occasions defendant's engines had caused fires on the right-of-way in that vicinity. These other engines were hauling heavy freight trains, and were of a different type or make, and it was not shown that the circumstances were similar. It was error to permit the introduction of evidence of such other fires, and it should have been excluded. *Lafferty* v. *Lumber Co.,* 100 W. Va. 159. However, without this improper evidence, the proof of other

circumstances was sufficient to exclude any other reasonable hypothesis than that the fire originated from engine No. 201, and if that be the only error, reversal would be denied.

To rebut the presumption that engine 201 caused the fire, defendant showed that it was equipped with approved spark arresters and ash pan in proper condition, that it was properly operated by its servants who were competent; and, on the theory that it had by such uncontradicted evidence avoided liability for any fire that might have come from that engine, defendant offered instruction No. 2 to the effect that no verdict could be based on defects in the engine equipment. This instruction was refused, and properly so. The negligence causing the fire and damage is not based solely on defective equipment, incompetency of employes, and improper performance of their duties, but is based upon the negligence of defendant in allowing an excess of inflammable material to remain on its right-of-way from which the fire spread to plaintiffs' land. And although its locomotives may be properly equipped, and operated by skilful competent servants, yet if it has negligently allowed accumulation of dangerously combustible matter along its tracks, it will be liable, where the circumstances show that one of its locomotives must have communicated the fire. At least it becomes a question for the jury. *Richmond & Danville R. R. Co.* v. *Medley,* 75 Va. 499; *Brighthope Railway Co.* v. *Rogers,* 76 Va. 443; *Wilson* v. *Bush,* 70 W. Va. 26. This rule is quite well established. See note to *Orander* v. *Stafford* (98 W. Va. 499) in 42 A. L. R. p. 799, where the cases are collected, to the effect that a railroad must keep its right-of-way free from combustible matter, and if it does not do so and fire therein is started from one of its locomotives, causing damage to others, the railroad company is liable, even though there is no defect in the equipment or negligence in the operation of the locomotive. By Sec. 30, par (d) of Chap. 62, Code, every railroad company is required, where its road passes through lands subject to fires from any cause, to cut and remove from its right-of-way inflammable materials at least twice a year, as well as to equip its locomotives with the best practicable spark arresters, ash pans and furnaces, to prevent the escape of fire. In one

regard only has defendant complied with this statute, for the preponderance of the evidence is that a great quantity of dry brush, weeds and grass had accumulated on the right-of-way at the point where the fire started; and one witness said he had notified the section foreman of that fact the day before the fire, and offered to assist in its removal by burning. The instruction refused was misleading. It might have been proper to give it where recovery was sought to be had solely on defective equipment. It omits a very essential element of defendant's duty under the declaration, evidence and statute.

Whether defendant allowed inflammable materials to accumulate on its right-of-way on which the fire started, was a vital inquiry in view of clearly proven want of defects in the engine equipment, and proper operation of the engine by competent servants. There was evidence on behalf of defendant that it had caused its right-of-way to be cleared of inflammable material, and that it was free therefrom, and that the fire did not originate on its right-of-way, and defendant's instruction No. 3, to the effect that it was incumbent on plaintiff to show by the preponderance of evidence that the fire originated on its right-of-way before recovery could be had, should have been given; but the substance of this instruction was incorporated in another instruction given by the court on its own initiative, which obviated the error in refusing defendant's instruction No. 3. The instruction initiated and given by the court was designed to cover the law of the case as a whole, including the measure of damage, and will now be considered in relation to the method of ascertaining the extent of plaintiffs' damage.

The declaration charges that plaintiffs owned the land burned over, consisting of about forty acres, five acres in grass and fenced, and thirty-five acres covered with valuable timber, all of which timber, grass and fences were of the value of $3,500.00; and that by reason of defendant's negligence in originating the fire (specifically pleaded) which spread to this land, the *timber, grass* and *fences* were wholly destroyed, to plaintiffs' damage of $3,500.00. The damages

claimed are not those to the real estate they extend only to the standing timber, the fence and the grass. Evidence of the general damage to the land was improper and inadmissible. The evidence should have been confined to the specific items alleged in the declaration. *Stewart* v. *B. & O. R. R. Co.*, 33 W. Va. 88; *Darnell* v. *Wilmoth*, 69 W. Va. 704. In *Honaker Lumber Co.* v. *Kiser*, 134 Va. 50, cited by the railroad company to the effect that the most accurate method of ascertaining the damages to the undergrowth in this case (less than six inches in diameter) claimed to have been destroyed, would be to ascertain the value of the land immediately before and immediately after the fire, has no application here, for, as stated above, the declaration is not for damages to the land. Where growing timber is destroyed by fire negligently originating from the operation of locomotives, the measure of damages is the market value of the timber at the time. *Burke* v. *Ry. Co.* 7 Heisk. 451; *Darnell* v. *Wilmoth*, 69 W. Va. 704. Or if the growing timber be partially destroyed or injured, the damages should be the difference between the market value before and after the injury. *Bevier* v. *Canal Co.* 13 Hun. 254; *Atkinson* v. *Ry. Co.*, 63 Mo. 367. "In such cases (damages by fires from railroads) if the property is totally destroyed the measure of damages is its market value at the time and place of its destruction, and if only partially destroyed the measure of damages is the difference between the market value and its value after the injury." 3 Elliott on Railroads (3rd ed.) Sec. 1763, p. 784. This well established rule should have guided the introduction of evidence as to the damages to the timber set out in the declaration, and should have been furnished to the jury as a guide for the measurement of damages. We deem it unnecessary to point out all instances of introduction of improper evidence. One witness was permitted to say that there was damage to the land by burning the leaves on the ground. Other witnesses were allowed to fix an arbitrary value on the timber, irrespective of its market value. Other witnesses were permitted to estimate damage on the theory that the young growth, if permitted to stand and grow for many years, would enhance in value and enhance the value of the land.

In the court's instruction designed to cover the law governing the case as a whole, the jury were told that if they believed from the evidence and circumstances that the fire emanated from defendant's locomotive and was communicated to the inflammable material left by it on its right-of-way and from there to *"and burned through plaintiffs' lands,"* then the jury should find for plaintiffs "and assess their damages at such sums as the jury may believe from all the evidence and all the surrounding circumstances in evidence will fairly and justly compensate them for the injury sustained." By this instruction the jury were told, in substance, that if they found that defendant was negligent in originating the fire, and damage was done to plaintiffs by reason thereof, then they should assess that damage in such sums as would make plaintiffs whole. No rule of law for measurement was given to them. They were left to apply whatever rule of law they thought best to the facts and circumstances. Questions of law should not be submitted to the jury. *Tracewell* v. *County Court,* 58 W. Va. 283; *Britton* v. *So. Penn.,* 73 W. Va. 792; *State* v. *Wisman,* 93 W. Va. 183.

For errors in the introduction of evidence not admissible under the pleadings, and for not properly instructing the jury on the law governing the measure of damages to be applied by them, the judgment will be reversed, the verdict set aside and a new trial awarded.

*Reversed; verdict set aside; new trial awarded.*