### TEXAS & P. RY. CO. v. BRANDON.
### No. 2467.

Court of Civil Appeals of Texas. Eastland.
Sept. 22, 1944.

Rehearing Denied Oct. 13, 1944.

Shropshire & Bankhead, of Weatherford, and B. L. Russell, of Baird, for appellant.

Scarborough, Yates & Scarborough and J. R. Black, all of Abilene, for appellee.

LESLIE, Chief Justice.

This suit was brought by J. A. Brandon, appellee, against Texas & Pacific Railway Company, appellant, to recover damages for the destruction of property by fire alleged to have been caused by negligence of the appellant. The property destroyed consisted of 100 acres of grass, hay, grain (mixture of wheat and oats), mechanical self-feeder, wood saw, wood, 2 scoops and 2 forks, all alleged to be of the reasonable cash market value of $1,750.

The defendant entered a general denial, specially alleging contributory negligence and sought to avoid liability on various other grounds.

The trial was before the court without a jury, and at the conclusion thereof the

court rendered judgment in favor of the plaintiff for the sum of $1,750. The transcript contains findings of fact and conclusions of law.

Among other issues of fact, the court found as follows: "I find that the defendant negligently permitted and allowed grass, weeds and vegetation to grow up and remain on its right of way after the same had dried out and were in a highly combustible state, and the said weeds and grass extended out to similar grass and weeds on adjoining property, by which the fire was spread to other property and on to plaintiff's land, and that such negligence was the proximate cause of plaintiff's damages."

The appellant has presented 10 points challenging each fact finding and each conclusion of law by the trial court, specifically contending there was no evidence that the defendant permitted dry and combustible weeds and vegetation on its right of way, or in any way set fire thereto, etc., or that such fire, if any, extended out to similar grass and weeds on adjoining property and spread thereby to the plaintiff's premises and property, or that any such acts on its part constituted in any respect a direct and proximate cause of the plaintiff's damages.

It is unnecessary to set forth the lengthy testimony. Different witnesses for the plaintiff testified that the fire sprang up along the track and right of way of the defendant, immediately after a T. & P. train had passed, and that from this origin it spread to the adjoining premises and consumed the property described in plaintiff's petition. Other witnesses for the plaintiff testified that from the appearances of the ground immediately after the fire it was evident the fire began on or near the railway track, possibly in 3 feet thereof, and burned from that point over appellant's right of way and on to and over the premises upon which the plaintiff's property destroyed was situated. That a strong south or southwestern wind was blowing, and the fire originated on the north side of the track and spread in that direction to said adjacent premises and plaintiff's property.

On the other hand, witnesses for appellant denied the origin of the fire on their right of way, or that they were in any way responsible therefor, and some of these witnesses testified that all their trains on that date were equipped with oil burning engines, which were in good condition, and that it was impossible for fire to escape from said engines.

In substance the circumstances of this case are like those detailed in Gulf, C. & S. F. Ry. Co. v. Curry, Tex.Civ.App., 135 S.W. 592. In that case the court held, concerning the testimony, as follows: "This testimony raised a conflict which it was the peculiar province of the jury to determine, and, there being sufficient evidence to sustain the verdict, this court is not authorized to disturb it. If the plaintiff's witnesses are to be believed, and the jury have said that they are, no other reasonable conclusion can be reached than that the fire was set out by an engine on appellant's road. If this is true, then the testimony of appellant's witnesses that the engines which were operated on the road were oil burners and that it is impossible for fire to be set out by such engines cannot be true, and the engine that set out this fire was either not an oil burner, or fire can escape from an oil burning engine. It cannot therefore be said that the testimony of appellant's witnesses as to the character of the engine and the impossibility of fire escaping therefrom is uncontradicted. While not contradicted by direct evidence, it is contradicted by the circumstances testified to by appellee's witnesses, and these circumstances, if believed by the jury, authorized a verdict in favor of appellee. [Gulf, C. & S. F.] R. Co. v. Baugh [Tex.Civ.App.], 43 S.W. [557], 558; [Houston & T. C.] R. Co. v. Ellis [Tex.Civ.App.], 134 S.W. 246."

In discussing the relative effect of testimony by experts and laymen under such circumstances as that above indicated, Justice Alexander said for the Waco Court in Texas & N. O. R. Co. v. Glass, Tex.Civ. App., 107 S.W.2d 924, 926: "When the testimony of experts thus runs contrary to the common experience of laymen, the testimony of such laymen concerning their experiences is usually admissible for the purpose of refuting the opinions of the experts, for, if this were not true, the litigant would be left to the mercy of the expert." In that case the conflict was between expert testimony that "an oil burning engine would not emit sparks of sufficient size to cause a fire", as against the testimony of laymen who had seen such phenomenon occur.

In other words, when the evidence is conflicting, the question of the condition of the premises, whether the fire originated on the property of defendant, and, if so,

whether defendant is chargeable with negligence, are questions of fact for the determination of the jury or the court, as in the instant case. That is certainly a correct proposition of law, unless the evidence is such that only one conclusion could be drawn therefrom by reasonable minds.

■ It is also the law in this state that "although it is necessary for the plaintiff to trace the fire to the railroad, it is not necessary that evidence should exclude all possibility of another origin, but it is sufficient if all the facts and circumstances fairly warrant a conclusion that the fire did not originate from some other source." 19 Tex.Jur. p. 681, § 23; Moose v. Missouri, K. & T. R. Co., Tex.Com.App., 212 S.W. 645; St. Louis Southwestern R. Co. of Texas v. Adcock, Tex.Civ.App., 269 S.W. 144; Ft. Worth & D. C. R. Co. v. Amason, Tex.Civ.App., 239 S.W. 359; 17 T.J. p. 889, § 403.

■ The cause of a fire, originating upon the right of way of a railroad, is seldom susceptible of affirmative proof from the actual observation of a witness. The eye cannot easily follow the livid spark, or in case of oil burning engines, the ignited or superheated soot or carbon from the smoke stack to the inflammable material on the ground, and note the actual ignition of the material thereby. Hence, the origin of the fire on a right of way must ordinarily be proved, if proved at all, by circumstantial evidence. The above reference to the testimony has been stated for the reason that we are of the opinion, after a careful reading of the entire statement of facts, that there is sufficient testimony to sustain trial court's conclusions above set forth, both as the existence of stubble, dry grass, etc., on said right of way, as well as the origin of the fire which spread to and destroyed the plaintiff's property.

■ Upon another phase of the case, namely, liability based on condition of premises, we find an applicable rule of law set forth as follows in the annotations following Orander v. Stafford, 98 W.Va. 499, 127 S.E. 330, 42 A.L.R. 780, 792: "The owner of property which is negligently left in such a condition that it is easy for a fire to catch thereon and spread to neighboring premises, as, by reason of combustible materials left unguarded, may be liable for damage done by a fire started therein by him or his employees, though the fire starts by pure accident or by an act which would not be negligent but for the condition of the premises."

■ Concerning liability based on condition of premises, it is further stated in said annotations, 42 A.L.R. at page 799, as follows: "In the absence of a statutory provision to that effect, it is the duty of a company operating a railroad to keep its right of way reasonably free from combustible material. If this is not done, and a fire starts on the right of way by sparks from a locomotive and damages other property by spreading thereto, the railroad company will be liable for the damage, although there is no negligence in the equipment and operation of the locomotive, provided there is no contributory negligence on the part of the person whose property is damaged."

A vast array of authorities are cited by the text in support of the rules just stated, and among them are many from Texas: Seale v. Gulf, C. & S. F. R. Co., 65 Tex. 274, 57 Am.Rep. 602; Gulf, C. & S. F. R. Co. v. Witte, 68 Tex. 295, 4 S.W. 490; Ft. Worth & D. C. R. Co. v. Hogsett, 67 Tex. 685, 4 S.W. 365; Gulf, C. & S. F. R. Co. v. Benson, 69 Tex. 407, 5 S.W. 822, 5 Am. St.Rep. 74; Texas & P. R. Co. v. Gains, Tex.Civ.App., 26 S.W. 433; Galveston, H. & S. A. R. Co. v. Polk, Tex.Civ.App., 28 S.W. 353; International & G. N. R. Co. v. Newman, Tex.Civ.App., 40 S.W. 854; Texas & P. R. Co. v. Rutherford, 28 Tex. Civ.App. 590, 68 S.W. 825; St. Louis Southwestern R. Co. v. Gentry, Tex.Civ. App., 80 S.W. 844; St. Louis Southwestern R. Co. v. Connally, Tex.Civ.App., 93 S.W. 206; Missouri, K. & T. R. Co. v. Neiser, 54 Tex.Civ.App. 460, 118 S.W. 166; Ft. Worth & D. C. R. Co. v. Arthur, 58 Tex. Civ.App. 163, 124 S.W. 213; Progressive Lumber Co. v. Marshall & E. T. R. Co., 106 Tex. 12, 155 S.W. 175; Marshall & E. T. R. Co. v. Killingsworth, Tex.Civ.App., 162 S.W. 1181. See also 19 Tex.Jur. p. 666, § 9.

In the above cases combustible materials enter into the conditions giving rise to liability for negligence. Specific reference is here made to the following Texas cases. The Court's holdings will be reflected by the given excerpts.

Ft. Worth & D. C. R. Co. v. Hogsett, 67 Tex. 685, 4 S.W. 365, 367, (Willie, C. J.): "The fourteenth assignment of error complains of the seventh subdivision of the charge because it instructs the jury, in effect, that, if the company left any grass or

weeds or other combustibles upon its track, that of itself was negligence. This is precisely the rule as laid down by the most eminent text writers, and gathered from the great weight of authority. (Citing several authorities.) The court, however, in this case required that the combustibles negligently left lying along the track should have taken fire from the engine, and then communicated the flame to appellee's grass, before the appellant could be made liable. It did not subject it to damages for keeping combustible matter upon the track if that matter had nothing to do with communicating the fire to the property of the appellee. As thus qualified, we think the charge was in line with the weight of authority, and that the court properly gave it to the jury."

In Gulf, C. & S. F. R. Co. v. Witte, 68 Tex. 295, 4 S.W. 490, 492, in a like case, Judge Gaines said for that court: "The evidence showed beyond any question that defendant's right of way was covered with combustible material, consisting of grass and weeds, and that these were ignited by sparks or cinders emitted from a train passing on defendant's road, and that the fire spread rapidly over plaintiff's pastures. This certainly made a case in which it was incumbent upon the company to prove that it was not guilty of negligence, in order to avoid liability for the damage."

In Gulf, C. & S. F. R. Co. v. Benson, 69 Tex. 407, 5 S.W. 822, 824, 5 Am.St.Rep. 74, our Supreme Court (Collard, C.) held: "While a railway company may absolve itself from liability on account of the presumed negligence arising from the mere fact that the fire caught from sparks emitted from its engine, by showing its engine and spark-arrester were the best in use, still, if the fire caught on its own right of way in dry grass which they allowed to accumulate, it would be a question of fact for the jury to determine whether the failure to remove the inflammable matter was negligence. Such negligence might increase the danger to adjacent property even though the best machinery was adopted. (Citing authorities.)"

In Fort Worth & N. O. R. Co. v. Wallace, 74 Tex. 581, 12 S.W. 227, 228, (Stayton, C. J.) the court said: "On the other hand, there was evidence which the jury must have believed reasonably sufficient to show that the burn was caused by fire that escaped from the engine, and that inflammable matter was permitted to accumulate on the right of way. Under this state of facts appellee was entitled to a judgment."

In Gulf, C. & S. F. R. Co. v. Cusenberry, 86 Tex. 525, 26 S.W. 43, 46, our Supreme Court through Justice Gaines held: "It is not negligence per se for a railroad company to permit grass and weeds, or other combustible matter, to accumulate upon its right of way. Gram v. [Northern Pac.] R. Co. [1] N.D. [252], 46 N.W. [972], 975. When it is proved that a railroad company has permitted inflammable material to remain upon its right of way, and that fire has been communicated to it by sparks or cinders from a passing engine, and that the fire has spread to and injured the property of another, the courts hold that these facts are sufficient to warrant the jury in finding that the company is guilty of negligence, and to hold it responsible for the injury, although it may be shown the engine is of the most approved pattern, and was operated by a skillful engineer, and in a careful manner."

To the same effect is Texas & P. R. Co. v. Gains, Tex.Civ.App., 26 S.W. 433, 434, where it was held: "The only assignment of error presented for our consideration is as follows: '(1) The court erred in not granting a new trial, because the evidence showed that the engine was properly equipped, and there was no negligence in operating the same, and that grass and weeds were not allowed to accumulate on the right of way.' The testimony shows that appellant did allow dry trash, grass, and weeds to accumulate on the right of way, and that the fire was communicated to appellees' property from the engine by reason thereof. The testimony shows a clear case of negligence, and the court did not err in refusing to grant a new trial on the facts. [Fort Worth & N. O.] R. Co. v. Wallace, 74 Tex. 583, 12 S.W. 227; [International & G. N.] R. Co. v. Timmermann, 61 Tex. 660. This being the only assignment of error presented, we find no error in the judgment, and it is affirmed."

In Texas & P. R. Co. v. Ross, 7 Tex.Civ App. 653, 27 S.W. 728, 730, writ refused (Fly, J.), the court held: "Whether appellant is charged with keeping the track in repair or not, we are of the opinion that there was a lack of proper care and caution in running over a track covered as this was with combustible matter, and, by reason of this want of due care and caution, appellant's liability would attach. The fact of

216

the accumulation of combustible material on and near the track, and in close proximity to the wood, was open and visible; and appellant, by the exercise of any caution, could have ascertained the defect."

Of the opinion in the Ross case, the Court of Civil Appeals in Missouri, K. & T. R. Co. of Texas v. Mitchell, 34 Tex.Civ.App. 394, 79 S.W. 94, 95 (Stephens, J.) said: "An examination of the findings of fact and the conclusions of law in that case will disclose that the decision was placed upon the ground that the negligence of the railway company consisted, not in the selection or condition of the spark arrester, but in the condition of the right of way."

Progressive Lbr. Co. v. Marshall & E. T. R. Co., 106 Tex. 12, 155 S.W. 175, is by the Supreme Court of Texas and clearly holds that: "Where a railroad negligently permits dry grass to grow on and incumber its right of way, so that sparks from its engines set fire thereto, which fire spreads to and destroys another's property, it is liable for such damage."

Moose v. Missouri, K. & T. R. Co., Tex. Com.App., 212 S.W. 645, states and applies the same fundamental principles reflected by the above authorities.

We are of the opinion that the material fact elements set forth in the trial court's conclusions are in all respects supported by the testimony, and that his judgment based thereon is fully warranted.

For the reasons assigned, appellant's points are overruled and the judgment of the trial court is affirmed.