See also Tex.Civ.App., 402 S.W.2d 198.

**LOUISIANA & ARKANSAS RAILWAY COMPANY, Appellant,**

**v.**

**S. D. CARPENTER et ux., Appellees.**

**No. 7748.**

Court of Civil Appeals of Texas.

Texarkana.

June 21, 1966.

James N. Haltom, Wheeler, Watkins, Hubbard & Patton, Texarkana, for appellant.

Jesse L. Nickerson, Pittsburg, for appellees.

DAVIS, Justice.

A suit by plaintiffs-appellees against defendants-appellant for damages because a fire burned over most of a 162 acre tract of land situated in Camp County, Texas, alleged to have been caused by the operation of one of appellant's trains. The jury answered the special issues in favor of appellees. Appellant has perfected its ap-

peal and brings forward one point of error which reads as follows:

## "POINT ONE

"The Trial Court erred in denying the Defendant's Motion for Judgment non obstante veredicto which read, with the exclusion of the Special Issues, as follows: 'The Defendant requests that the Court grant its Motion for Judgment non obstante veredicto in the above styled cause in as much as a jury's findings as to the liability was not supported by the evidence as presented in this cause, and for the further reason that it was not supported by the evidence in the cause, and was contrary to a preponderance of the evidence in said cause. The Defendant further requests that the Court grant its Motion non obstante veredicto in the above styled cause in as much as the jury's findings in the amount of damages was contrary to the evidence as presented in this cause, and for the further reason that it was not supported by the evidence in the cause, and was contrary to a preponderance of the evidence in said cause. WHEREFORE, the Defendant, Louisiana & Arkansas Railway Company prays that Notice of its Motion be given as required by law and that on hearing of the same, a judgment non obstante veredicto be entered for this Defendant.'"

The appellee did not file a brief.

Appellant takes the position in its brief that there is no evidence to support the jury's finding as to its liability because there is no evidence that the train caused the fire. It takes the further position that the evidence is insufficient to support the jury finding, and that the jury verdict is contrary to the overwhelming weight and preponderance of the evidence. These are the only points of error we have to decide. Under these contentions, we had to carefully examine the statement of facts. Kings Estate (1951), 150 Tex. 662, 244 S.W.2d 660, and authorities cited therein. In doing so, we found that appellees owned a 162 acre tract of land of which 78 acres had been set out with pine trees. The railroad ran adjacent to the tract and there was grass and weeds anywhere from knee high to head high immediately joining the railroad that spread onto appellees' 162 acre farm. On July 26, 1964, about 1:00 o'clock p. m., a train passed the farm. About 1:30 p. m. appellee, S. D. Carpenter, Jr., was notified that there was a fire on his farm. He went to the farm immediately. When he arrived there was an agent of appellant on the tract and another man. The fire marshall was there with one of his helpers. Prior to the time the fire started, a man had gone on the tract of land to fish. He noticed the train passing and in a few moments he saw smoke, made an investigation and discovered the fire going into the pines. There was no other person near the farm at that time. The evidence shows that there is a hill that the train goes up as it passes the farm. The grass was extremely dry at that time. There is evidence that shows that the train could have and did start the fire. The jury found that it did. There is sufficient evidence to support the jury findings. We are bound thereby. Gulf, C. & S. F. Ry. Co. v. Blakeney-Stevens-Jackson Co. (1908) 48 Tex.Civ.App. 443, 106 S.W. 1140, N.W.H.; Gulf, C. & S. F. Ry. Co. v. Meentzen Bros. (1908) 52 Tex. Civ.App. 416, 113 S.W. 1000, N.W.H.; Team v. Texas & Pacific Ry. Co. (1947), Tex.Civ.App., 199 S.W.2d 274, E.R., N.R. E.; Texas & Pacific Ry. Co. v. Brandon (1944), Tex.Civ.App., 183 S.W.2d 212, E.R. The point is overruled.

The judgment of the trial court is affirmed.