**LOUISIANA & ARKANSAS RAILWAY COMPANY, Appellant,**

v.

**Haze LITTLEFIELD, Appellee.**

**No. 7744.**

Court of Civil Appeals of Texas.

Texarkana.

July 19, 1966.

James N. Haltom, Wheeler, Watkins, Hubbard & Patton, Texarkana, for appellant.

Joe W. Lovelace, Linden, for appellee.

CHADICK, Chief Justice.

This is a common law negligent tort damage suit. The judgment of the trial court awarding the plaintiff a recovery of $1500.00, costs, etc., from the defendant is affirmed.

The plaintiff plead that the railroad company had negligently allowed its right-of-way to become covered with combustible material, dry grass, weeds, etc., and that its train caused a fire to originate on the right-of-way from whence it spread to plaintiff's adjoining land, and that such negligence was the proximate cause of the destruction

of substantial acreage in plaintiff's pastureland seeded to hairy vetch and yellow hop clover. Special issues were propounded to the jury submitting plaintiff's theory of the case. The answers to the special issues established as true the facts plead by the plaintiff.

Appellant railroad's Point of Error No. One presents for review the absence of evidence supporting the jury's verdict (Special Issue No. One) that the train set fire to its right-of-way. In arguing the point the railroad makes an analysis of the many cases that have arisen in this jurisdiction in which circumstantial evidence is relied upon to show the origin of a fire under investigation. From the analysis it draws the conclusion that certain "elements" or factors necessarily must be proven in substantial evidence cases. The conclusion is stated in this language, to-wit:

"In dealing with cases where fire was allegedly caused by sparks from a railroad train, the Texas courts have not required the eye to have followed the actual spark or fire that left the locomotive and started the fire on the right-of-way, but the Texas courts have held that the following circumstances concerning the origination of the fire must be shown:

(1) The passage of the train,

(2) Smoke or sparks or fire issuing from the engine,

(3) The ignition in a short time of the property, and

(4) Its destruction.

The courts have held that these are necessary elements of proof in the absence of someone actually seeing the particular spark or manner in which the fire was commenced. Gulf, C. & S. F. R. Co. v. Meentzen Brothers, 52 Tex.Civ. App. 416, 113 S.W.2d 1000."

■ Examination of numerous reported cases indicates that facts concerning the numbered "elements" in the appellant's quot-

ed conclusion are generally present where judgment is affirmed but the presence of all such factors is not always essential to the proof of a circumstantial case. In Gulf, C. & S. F. R. Co. v. Blakeney-Stevens-Jackson Company (48 Tex.Civ.App. 443, 1908) 106 S.W. 1140, no writ, Judge Levy speaking for this court said:

"It is laid down as a rule that evidence that the fire started up (1) immediately, or very soon after the passing of the train, and (2) there was no fire on the premises or vicinity of the premises before, and (3) there was no other apparent cause for the fire, is sufficient to warrant an inference of fact that the fire was emitted from the railway company's passing engine."

A broader rule that permits all facts and circumstances of a particular case to be considered is stated in Texas & Pacific R. Co. v. Brandon (Tex.Civ.App.1944) 183 S.W. 2d 212, Wr.Ref., in this language: "It is also the law in this state that 'although it is necessary for the plaintiff to trace the fire to the railroad, it is not necessary that evidence should exclude all possibility of another origin, but it is sufficient if all the facts and circumstances fairly warrant a conclusion that the fire did not originate from some other source.'" This last, the Brandon rule, prescribes the true measure of the evidence required.

■ On the assumption that its analysis and conclusion quoted above accurately states the law, the railroad undertakes to show reversible error by arguing that there is no "testimony that any smoke, or sparks, or fire, or materials capable of creating a fire were issuing from the engine or train of the appellant, at the time it was passing property owned by the Appellee." (Appellant's brief, P. 11). And that there was no " * * * testimony or evidence to the fact that the Appellant's right-of-way was not on fire immediately prior to the passage of its train and that after the passage of its train the right-of-way was on fire." (Appellant's brief, P. 9). Stated otherwise ap-

pellant asserts that there is no evidence of facts proving "elements" listed as (2) and (3) in its quoted conclusion. The point of error requires this court to examine the record to determine whether or not it contains any evidence of facts and circumstances of probative value supporting the jury finding that the railroad's train caused a fire to originate on defendant's right-of-way at a point near plaintiff's land.

While Gulf, C. & S. F. R. Co. v. Blakeney-Stevens-Jackson Company, supra, and Texas & Pacific R. Co. v. Brandon, supra, hold that evidence of sparks or fire escaping or being emitted from the train's engine is not essential to the proof of a circumstantial case, proof that emission of sparks is usual in the operation of a locomotive is a factual circumstance that would tend to support a conclusion that a fire was originated by sparks from an engine. The railroad shop foreman, known as the Master Mechanic, testified that the engine figuring in this incident, as well as all 158 of the line's engines, had factory installed spark arresters, a device designed to arrest the emission of sparks when the engine is in operation. He testified that as a precaution "over and above" the manufacturer's spark arrester, the railroad company, beginning in the year 1964, installed "super spark arresters" on all its engines because "we felt we needed something that would help to eliminate sparks." This testimony assumed and implied that the company's engines gave off sparks when in operation. The testimony placed before the jury evidence subject to construction that the engine in use at the time of the fire emitted sparks of fire when in operation.

Respecting appellant's associated argument under this point, there is proof that at one o'clock of the afternoon pertinent to this case there was no fire on the railroad right-of-way in the area where fire was discovered at approximately two o'clock. The railroad runs in sight of the appellee's home and his wife was in and out of the house several times between 1:00 and 2:00 o'clock the afternoon of the fire. She observed no condition indicating the fire on the railroad right-of-way until just prior to the time she noticed the fire and telephoned her husband at 2:00 o'clock to report it to him. Appellee noticed a train pass his place of employment about ten minutes before receiving the fire report from his wife. At that time the train was some two miles west of the area burned over by the fire and moving eastward toward the area. The wife testified the train could still be heard in the distance leaving the fire area when she first discovered the fire.

At 1:45 P.M. that afternoon a neighboring farm owner viewed the point where the fire was later discovered and at that hour saw no fire, smoke, or other evidence of fire. A short time later on leaving his farm he was held up in the general area of the fire while an east-bound train passed a crossing at about 2:00 P.M. A couple of expert witnesses expressed opinions that the fire originated on the railroad right-of-way. Evidence was offered that a brisk wind was blowing out of the south, and that there was no burn over south of the right-of-way. Appellee's land lies to the north of the tracks. The area of the fire is remote from the general public; there are no houses, no roads, and no people living in its immediate vicinity.

The related facts and circumstances, together with others in the record, if believed by the jury, as the verdict indicates they were, constitutes probative evidence, circumstantial in nature, fairly warranting a conclusion that the source of the fire on the right-of-way was appellant's passing train. Appellant's first point of error is overruled.

The appellant's other two points of error are likewise overruled as reversible error is not shown. The judgment of the trial court is affirmed.