# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 2, 2011

## RICKY JOHNSON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-11-20      Donald H. Allen, Judge**

---

**No. W2011-00311-CCA-R3-CO  - Filed November 21, 2011**

---

The Petitioner, Ricky Johnson, was convicted by a Madison County jury in 1989 of burglary of an automobile and grand larceny and was sentenced to concurrent eight-year sentences as a Range II, persistent offender.  More than twenty-one years later, the Petitioner filed a petition for writ of error coram nobis, alleging that there was a variance between the indictment and the proof at trial and that his convictions violated double jeopardy protections.  The Madison County Circuit Court summarily dismissed the petition.  On appeal, the Petitioner argues that the coram nobis court erred:  (1) in dismissing the petition without an evidentiary hearing and without appointing counsel; and (2) in denying him relief.  Upon review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Ricky Johnson, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel, Assistant Attorney General; James (Jerry) G. Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

A writ of error coram nobis is available to convicted defendants.  T.C.A. § 40-26-105(a) (2006).  However, a writ of error coram nobis is an "extraordinary procedural remedy" that "fills only a slight gap into which few cases fall."  State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999) (citing Penn v. State, 670 S.W.2d 426, 428 (Ark. 1984)); State v. Workman, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002).  "The purpose of this remedy 'is to

bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting State ex rel. Carlson v. State, 407 S.W.2d 16, 167 (Tenn. 1966)).

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. The statute provides, in pertinent part:

> (b)    The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.
>
> (c)    The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause. . . .

T.C.A. § 40-26-105 (b), (c). "The decision to grant or deny a petition for the writ of error coram nobis on the ground of subsequently or newly discovered evidence rests within the sound discretion of the trial court." Hart, 911 S.W.2d at 375 (citations omitted).

The statute of limitations for a petition for writ of error coram nobis is one year from the date the judgment becomes final in the trial court. T.C.A. § 27-7-103; Mixon, 983 S.W.2d at 671. For the purposes of a coram nobis petition, a judgment becomes final thirty days after the entry of the trial court's judgment if no post-trial motions are filed or upon entry of an order disposing of a timely post-trial motion. Mixon, 983 S.W.2d at 670 (citing Tenn. R. App. P. 4(c); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996)). The State has the burden of raising the statute of limitations bar as an affirmative defense. Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010) (citing Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003)). The issue of whether a claim is barred by an applicable statute of limitations is a question of law, which this court reviews de novo. Id. at 144 (citing Brown v. Erachem Comilog, Inc., 231 S.W.3d 918, 921 (Tenn. 2007)).

On September 8, 1989, the Petitioner was convicted by a Madison County jury of burglary of an automobile and grand larceny. The record does not indicate that the Petitioner filed any post-trial motions. Moreover, the Petitioner failed to file a direct appeal regarding his convictions.

On January 2, 2008, the Petitioner filed a petition for writ of habeas corpus in which he alleged that his judgments were void because they violated double jeopardy protections, his sentence was improper, and he was wrongfully denied pre-trial jail credit. See Ricky Johnson, No. W2008-00742-CCA-R3-HC, 2009 WL 1905391, at *1 (Tenn. Crim. App., at Jackson, Jun. 30, 2009). On appeal, this court affirmed the habeas corpus court's summary dismissal of the petition. Id. It specifically concluded that the Petitioner failed to comply with the mandatory procedural requirements because he did not file his petition in the county nearest to him and failed to establish that he was currently being restrained by his 1989 convictions. Id. at *1-2.

On April 15, 2009, the Petitioner filed his second petition for writ of habeas corpus, alleging that his judgments were void because the State failed to prove that the crimes for which he was convicted occurred in the county in which he was prosecuted. See Ricky Johnson v. Howard Carlton, Warden, No. E2010-00622-CCA-R3-HC, 2011 WL 2084084, at *1 (Tenn. Crim. App., at Knoxville, May 19, 2011), perm. to appeal denied (Tenn. Aug. 31, 2011). On appeal, this court affirmed the habeas corpus court's summary dismissal of the petition. Id. at *3.

Then, on January 21, 2011, more than twenty-one years after his convictions, the Petitioner filed a pro se petition for writ of error coram nobis alleging that there was a variance between the indictment and the proof at trial and that his convictions violated double jeopardy protections. On January 21, 2011, the Petitioner subsequently filed a motion for counsel. On January 27, 2011, the State filed a response, arguing that the petition was untimely, the issues raised were not a cognizable claims for coram nobis relief, and that the issue regarding a variance between the indictment and the proof at trial should have been raised on direct appeal.[1]

On January 28, 2011, the Madison County Circuit Court entered a written order summarily dismissing the petition for writ of error coram nobis because the petition was filed more than one year after the Petitioner's convictions became final and because the Petitioner failed to allege any newly discovered evidence that would serve as a basis for relief. The coram nobis court specifically noted that the Petitioner never filed a direct appeal from his

---

[1]The Petitioner filed a reply to the State's motion to dismiss, but this reply was filed after the court dismissed the petition for writ of error coram nobis on January 28, 2011.

convictions, which meant that his convictions had been final for more than twenty-one years. The Petitioner subsequently filed a timely notice of appeal.

The Petitioner now appeals the dismissal of his petition and argues that the coram nobis court erred: (1) in dismissing the petition without an evidentiary hearing and without appointing counsel and (2) in denying him relief. Interestingly, the Petitioner asserts for the first time on appeal that newly discovered evidence "would have affected the jury's verdict in his trial for auto burglary and grand larceny, as there is proof upon the face of the record that the Appellant received the automobile from another person[] in a different county than where it was stolen[] or taken." In response, the State contends that the coram nobis court properly dismissed the petition. Specifically, the State argues that the petition was time-barred, that the Petitioner did not raise any newly discovered evidence, and that the Petitioner waived his claim regarding the variance between the indictment and the proof at trial because he failed to raise it in a motion for new trial or on direct appeal. We agree with the State.

Here, the Petitioner provides no explanation for the more than twenty-one year delay in filing his petition for writ of error coram nobis. Moreover, the record does not implicate any due process concerns that would require a tolling of the statute of limitations. See Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001) (holding that due process concerns may toll the one-year statute of limitations for a writ of error coram nobis). Accordingly, we agree with the State that the petition is time-barred.

Notwithstanding our conclusion that the petition was filed outside the applicable statute of limitations, we also agree with the State the the petition fails to assert subsequent or newly discovered evidence, which is required for a writ of error coram nobis. See T.C.A. § 40-26-105(b), (c). In this case, the Petitioner did not assert any claim of newly discovered evidence in his petition for writ of error coram nobis. Instead, he asserts only in his appellate brief that newly discovered evidence "would have affected the jury's verdict in his trial for auto burglary and grand larceny, as there is proof upon the face of the record that the Appellant received the automobile from another person[] in a different county than where it was stolen[] or taken." Initially, we note that the Petitioner has waived this issue for failing to include it in his petition. See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court.") (footnote omitted). Waiver notwithstanding, we are unable to consider the issue raised by the Petitioner because he failed to include the trial transcript. The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing Smith v. State, 584 S.W.2d 811, 812 (Tenn. Crim. App.1979); Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim.

App.1979)).  Accordingly, we conclude that the court properly denied the petition for writ of coram nobis on this basis.

Finally, we agree with the State that the issue regarding the variance between the indictment and the proof at trial was not an appropriate issue for a writ of error coram nobis. This alleged error should have been litigated pre-trial, during trial, in a motion for new trial, or on direct appeal; therefore, it is not an appropriate issue for a writ of error coram nobis. See T.C.A. § 40-26-105(b), (c).  In addition, this alleged error does not qualify as newly discovered evidence, which is required.  Id.  Moreover, neither the indictments nor the trial transcript were included in the record.  See Tenn. R. App. P. 24(b).  Although the Petitioner attempted to make the relevant indictments a part of the record by attaching them as exhibits to his appellate brief, we cannot consider these documents because they are not a part of the appellate record.  See State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990) (holding that this court could not consider a transcript attached to the appellant's brief because it was not made a part of the record).  Accordingly, the coram nobis court did not err in summarily dismissing the petition.

## CONCLUSION

Upon review, we affirm the summary dismissal of the petition for writ of error coram nobis.

_____
CAMILLE R. McMULLEN, JUDGE