### WASHINGTON TERMINAL CO. v. CALLAHAN.

(Court of Appeals of District of Columbia. Submitted October 12, 1921. Decided November 7, 1921.)

No. 3481.

1. **Master and servant ⊂⇒137(4)—Railroad liable for negligence of employees required to look out for safety of another.**

A terminal company subject to Employers' Liability Act, § 1 (Comp. St. § 8657), whose rules required a signal foreman's helper to keep a lookout while the foreman was at work on a switch and to warn him, and also requiring the engineer and fireman to keep a lookout for men working on the tracks and to stop the train if they failed to get out of the way, is liable to the administratrix of a signal foreman who was killed because of the negligence of his helper and the engine crew.

2. **Master and servant ⊂⇒278(18)—Evidence held to warrant inference of negligence of fellow employees.**

In an action for the death of a signal foreman while he was working on a switch, evidence held to warrant the inference that his helper, who was killed at the same time, and the crew of the engine which struck him, were negligent in the performance of the duty imposed on them by the rules to look out for the foreman's safety.

3. **Master and servant ⊂⇒216(6)—Railroad employee does not ordinarily assume risk of negligence of fellow employees.**

Under the Employers' Liability Act (Comp. St. §§ 8657–8665), the hazard of negligence by fellow employees is not assumed unless a dangerous method of action or condition, not constituting a violation of the safety statute, has become established through such negligence, of which condition the injured employee had actual or constructive notice, but notwithstanding which he continued to work without complaining to the employer.

4. **Master and servant ⊂⇒276(8)—Evidence held to sustain finding servant was killed by train while at work on switch.**

In an action for the death of a signal foreman employed by a terminal company, evidence that the foreman was seen working on a switch just prior to the accident and was later found dead on the switch and under the train held sufficient to justify an inference that he was killed by the train while at work on the switch, though no witness saw the accident.

Appeal from the Supreme Court of the District of Columbia.

Action by Emma G. Callahan, as administratrix of the estate of Hugh R. Callahan, against the Washington Terminal Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

George E. Hamilton and John J. Hamilton, both of Washington, D. C., for appellant.

R. B. Dickey and Dan Thew Wright, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Plaintiff's decedent, Hugh R. Callahan, a foreman of signal helpers and maintainers, was killed while repairing a switch in the yards of defendant terminal company. From a judgment for damages defendant appeals.

It appears that, while Callahan with his helper was working on what is known as switch No. 137, they were run over and killed by engine No. 23, which was moving a train of empty cars from the union depot to the yards. There was testimony that the train was moving at from six to eight miles per hour, and that the bell was ringing. A train passing on a parallel track, the testimony showed, was making sufficient noise to confuse the workmen and to detract attention from the approaching train. Callahan, however, was there under rules established by the company for the operation of its tracks and switches within the yard limits. One rule required the signal foreman's helper to keep a lookout while the foreman was at work on the switch and to warn him of approaching trains. Another rule required both the engineer and fireman to keep a lookout ahead for men working on the tracks and switches and to stop the train if they failed to get out of the way. These rules were in the interest of the company. Trains were constantly moving backward and forward on these tracks and switches, and if a workman was compelled to keep a lookout for his own safety, he would get little accomplished.

[1] From the facts disclosed, the helper was undoubtedly confused by the noise of the passing train on the parallel track; but it appears that the engineer and fireman had a clear view of the track for a distance of 240 feet before reaching the switch where Callahan and his helper were killed. Callahan was relieved from keeping a lookout for approaching trains, since, under the rules, he could rely upon his helper and the trainmen to protect him. We deem it unnecessary, therefore, to analyze the testimony, since the accident could only have occurred through the negligence of the helper or the trainmen, or all. Their negligence is the negligence of defendant, for which it is liable. Employers' Liability Act, 35 Stats. L. 65, § 1 (Comp. St. § 8657).

[2] In the light of the rules under which Callahan was working, the jury was justified in finding that his death was occasioned by the negligence of his fellow employees. The engineer had a clear view of the track; and, if he failed to look for men working on the tracks, he was negligent, or, if he looked and failed to see Callahan and his helper, his observation was so careless as to constitute negligence. On the other hand, if the helper failed to see the approaching train, he was guilty of negligence in failing to perform the duty to which,

under the rules, he had been assigned. That he did not keep a lookout for the protection of Callahan is apparent from the fact that he, himself, was killed.

[3] No rule of assumed risk can be invoked for the relief of defendant company. In the light of the Employers' Liability Act (Comp. St. §§ 8657–8665), the hazard of negligence by fellow employees is not assumed, unless a dangerous method of action or condition, not constituting the violation of any statute enacted for the safety of employees, has become established through the negligence of a fellow employee or employees, of which the employee had constructive or actual notice, and, with such notice, he continued to work without calling the attention of the employer to the dangerous condition. Seaboard Air Line v. Horton, 233 U. S. 492, 504, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475. In the present case no dangerous condition or method of operating trains had been established, of which Callahan was required to take notice. Hence, assumed risk has no application.

[4] Contributory negligence and assumed risk being eliminated, but one question remains. Error is assigned upon the denial of defendant's motion for an instructed verdict. No witness was produced who actually saw the train strike the deceased. The record disclosed, however, that some time before the accident Callahan, in company with his helper, left the signal tower to inspect the switches. Just prior to the accident he and the helper were seen working on switch No. 137. He was later found dead on the switch and under the train pulled by engine No. 23. His tools were also on the switch where he was found. This was sufficient to justify the inference by the jury that while at work on the switch he was struck by engine No. 23 and killed.

The judgment is affirmed, with costs.

Affirmed.