## BENNETT v. WASHINGTON TERMINAL CO.

(Court of Appeals of District of Columbia. Submitted November 6, 1924. Decided December 1. 1924.)

No. 4092.

1. **Appeal and error ⊜=927(7)—Facts considered most favorably to plaintiff's case, where lower court directed verdict for defendant.**

Where lower court directed verdict for defendant, the Court of Appeals will consider the facts most favorably to plaintiff's case.

2. **Master and servant ⊜=285(2)—Verdict properly directed for defendant, where cause of injury was matter of speculation.**

In action under federal Employers' Liability Act (Comp. St. §§ 8657–8665) against terminal company for death of employee found dead on track, in which there was no evidence as to whether employee was first struck by train operated by defendant or by another train, court properly directed verdict for defendant, since in such case court will not permit jury to speculate as to how accident occurred.

3. **Negligence ⊜=134(1)—Proof by competent evidence essential.**

Negligence is a matter of proof, to be established by competent evidence.

**4. Negligence ⊗═121(1)—Burden of proof on complaining party.**

The burden of establishing negligence is on complaining party.

**5. Master and servant ⊗═265(6)—Railroad employee found dead not presumed killed by employer's negligence.**

In action under federal Employers' Liability Act (Comp. St. §§ 8657–8665) for death of employee of defendant terminal company found dead on track, the mere fact of the accident did not create presumption of negligence on part of defendant; but such negligence was an affirmative fact which plaintiff was required to prove by such direct and positive evidence that jury might reasonably infer facts on whch negligence might be predicated.

Appeal from Supreme Court of District of Columbia.

Suit by Beulah May Bennett, administratrix of the estate of Roger D. Bennett, deceased, against the Washington Terminal Company, a corporation. Judgment for defendant, and plaintiff appeals. Affirmed.

G. A. Maddox and W. G. Gardiner, both of Washington, D. C., for appellant.

G. E. Hamilton, J. J. Hamilton, G. E. Hamilton, Jr., Edmund Brady, and H. R. Gower, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellant, as administratrix of the estate of her husband, Roger D. Bennett, deceased, sued the Washington Terminal Company for damages resulting from the death of the decedent on December 23, 1922. Decedent was employed by the terminal company as an electrician, and assigned to car-lighting work in the terminal yards at the Union Station in this District. When plaintiff had submitted her testimony in chief, counsel for defendant moved for a directed verdict on the ground that plaintiff had failed to sustain the burden of proving any negligence on the part of defendant company, or that the defendant's negligence, if there was any such, was the proximate cause of decedent's death. The court sustained the motion, and a verdict was directed. From the judgment thereon, this appeal is prosecuted.

[1] The facts, as detailed by a witness named Arnold, most favorable to the plaintiff's case, and which should be considered in view of the directed verdict, are substantially that on the night of the accident, about 12:10 a. m., the witness was walking north from the depot on the platform between tracks 15 and 16, and noticed Bennett about 30 yards in advance of him, walking in the same direction on the platform between tracks 16 and 17. These platforms are for the convenience of passengers in alighting from and boarding trains. The witness testified that Bennett walked north 40 or 50 yards beyond the end of the Union Station shed, when he stepped off of the platform on which he was walking and moved in the direction from northwest to southeast across the tracks. When witness last saw Bennett he was crossing track 18, on which a Pennsylvania train not operated by defendant company, was backing north out of the Union Station. Bennett then had his foot on the last rail of track 18, going towards track 19. Tracks 18 and 19 are parallel and about 6 feet apart. At this moment, witness testified, the train came between him and Bennett and obstructed his view. The train was making a loud noise, and was about 20 or 25 feet from Bennett, moving at a speed of about 15 miles per hour.

At the same time witness observed a shifting engine backing south towards the depot on track 19. It was then about 35 yards north of where Bennett was crossing, and moving at about 15 miles an hour. The Pennsylvania train kept north, and, when it had passed, witness noticed the shifting engine standing on track 19 south of the point where Bennett crossed. Witness had turned back towards the station. His attention was attracted to some of the engine crew gathering on track 19, a short distance south of the point where he saw Bennett cross track 18. He went down and saw Bennett's body lying on the outside of the first rail of track 19. It was in a mangled condition; but he did not notice whether any portion of the body was lying between the rails of track 19. From the evidence of other witnesses, however, it appears that portions of Bennett's body were between the rails of track 19. Unquestionably the shifting engine passed over his body on the west rail of the track. The witness Arnold is contradicted in many particulars as to distances, rate of movement of trains, relative locations of trains, etc.; but, inasmuch as his evidence is most favorable to the plaintiff, it should be considered as furnishing a possible basis for submitting the case to the consideration of the jury.

[2] Is this evidence sufficient to warrant the court in sending the case to the jury? We think not. Before contributory negli-

gence or last clear chance can be considered, there must be sufficient evidence to warrant the jury in finding that the terminal company was guilty of negligence. The employees of the terminal company on the shifting engine testified that they were keeping a lookout ahead for objects on the tracks and that they saw nothing. No one saw Bennett struck. No one knows what he did after the time that he was cut off from the view of the witness Arnold by the movement of the Pennsylvania train. Counsel for defendant advance the theory that he was in fact struck by that train and thrown on track 19, where he was run over by the shifting engine. This theory is as plausible as any other that can be indulged in this case. To have left the question of defendant's negligence to the jury would have opened up an endless realm for speculation and conjecture, for the building of inference upon inference and presumption upon presumption.

[3-5] Negligence is a matter of proof to be established by competent evidence. The burden of establishing negligence is upon the complaining party. The mere fact that an accident occurred creates no presumption of negligence on the part of the defendant company. It is an affirmative fact, incumbent upon the plaintiff to prove and establish by such direct and positive evidence that the jury may reasonably infer the facts upon which negligence may be predicated. Washington Terminal Co. v. Callahan, 51 App. D. C. 85, 276 F. 334.

It is contended by counsel for plaintiff that the facts in the Callahan Case are so similar to those here presented that the present case is ruled by the opinion of this court in that case. There the deceased was working on the track. He was accompanied by a helper, whose duty it was, under the rules promulgated by the company for the direction of its employees, to keep a lookout for approaching trains. A few moments before the accident occurred the deceased was seen down working on the track with the helper standing by. Both were killed. The engineer of the train that struck them had a clear view of the track for a distance of 240 feet. We held in that case that the facts proven were sufficient from which the jury might infer negligence on the part of the terminal company.

In the present case it does not appear that the deceased had any business on track 19, further than to cross it in the course of his employment. How he got on track 19 remains a mystery. Whether he negligently stepped on the track immediately in front of the approaching engine, or was struck by the Pennsylvania train and thrown upon the track, or was carelessly walking upon the track where he was struck, or his position of danger was such that it could have been discovered by the crew of the train which caused his death in time to have avoided it, are all matters of conjecture. The presumption that the accident resulted from any one of these causes might be indulged. Where, as in this instance, the accident may have resulted from any one of a number of different causes, and in any one of a number of different ways, the court will not permit the jury to speculate as to how it occurred, and arrive at a verdict which at best would amount to a mere guess. It was incumbent upon the plaintiff to establish the negligence of the terminal company by affirmative proof.

As the court said in Patton v. Railroad Co., 179 U. S. 658, 663, 21 S. Ct. 275, 277 (45 L. Ed. 361): "The fact of accident [to an employee] carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employee to establish that the employer has been guilty of negligence." In the same case the court held that "it is not sufficient for the employee to show that the employer may have been guilty of negligence; the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain, and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible, and for some of which he is not, it is not for the jury to guess between these half a dozen causes, and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employee is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony, and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting upon all plaintiffs."

Nor does the Employers' Liability Act modify the rule. As the court said in New Orleans R. R. Co. v. Harris, 247 U. S. 367, 371, 38 S. Ct. 535, 536, 62 L. Ed. 1167: "The federal courts have long held that, where suit is brought against a railroad for injuries to an employee resulting from its negligence, such negligence is an affirma-

tive fact, which plaintiff must establish. * * * In proceedings brought under the federal Employers' Liability Act, rights and obligations depend upon it and applicable principles of common law as interpreted and applied in federal courts, and negligence is essential to recovery."

Inasmuch as our view of the insufficiency of the evidence coincides with that of the learned Chief Justice of the court below, it becomes unnecessary to consider the questions of contributory negligence and last clear chance which have been elaborately discussed by counsel.

The judgment is affirmed, with costs.