### COLLINS v. DISTRICT OF COLUMBIA et al.
### No. 5039.

Court of Appeals of District of Columbia.
Argued March 5, 1931.
Decided April 6, 1931.

Fred B. Rhodes and Marcus Borchardt, both of Washington, D. C., for appellant.

Edmund L. Jones, Richmond B. Keech, and Robert E. Lynch, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment for defendants in a personal injury case.

The appellant as plaintiff below claimed damages from the Capital Traction Company and the District of Columbia for personal injuries sustained by her in an accident when an automobile in which she was riding as a passenger, going eastward over the Calvert street bridge in the District of Columbia, suddenly turned to the left, crossed the bridge at a right angle, and plunged through the railing and over the side of the bridge, falling a distance of about 50 feet into the valley below, killing the driver of the car, a Mrs. Standish, and seriously injuring appellant. It is charged by appellant that the accident was caused by the negligent manner in which the bridge was maintained at the time by the appellees.

The issue went to trial before the court and jury. After hearing all the evidence, the court directed a separate verdict for the Capital Traction Company, and submitted the issue relating to the District of Columbia to the jury. The jury returned a verdict in favor of the District, and judgment was entered accordingly. This appeal was then taken.

The Calvert street bridge upon which the accident happened is part of the public highways of the District of Columbia. It is 750 feet long; the roadway for vehicular traffic on the bridge is 26 feet wide; this is flanked on either side by sidewalks for pedestrians

which are 6 feet 10 inches in width and are 6 inches above the level of the roadway; a wooden guard or curb 11½ inches high extends on either side for the length of the bridge between the roadway and the sidewalks; along each outer side or edge of the bridge there is an iron railing. The bridge is traversed by double tracks of the Capital Traction Company, and the distance from each of the outer rails to the near curb is 5 feet 6½ inches.

On February 10, 1926, the day preceding the accident, there was a heavy fall of snow at this locality, which ceased between 9 and 10 o'clock at night. Appellant charges that the Capital Traction Company, together with the District of Columbia, carelessly and negligently swept the snow from its tracks upon the bridge in such a manner as to form a sloping embankment of snow along either side of the roadway next to the curb, with its slope facing the roadway, and that this snow became packed or frozen so as to be a source of great danger to automobiles when crossing the bridge, and caused the car in which appellant was riding to turn or skid to the left of its course and run off the bridge. Appellant's claim is that this sloping bank of snow along the curb created a ramp or runway over which the automobile in which appellant was riding passed, before running across the roadway and over the side of the bridge.

■ We find no evidence in the record tending in any degree to show that the traction company caused the alleged bank of snow to be formed alongside of either of the curbs. It is established by uncontradicted evidence that, soon after the snow ceased falling, the snow sweepers of the company cut a path or swath through the snow extending about 18 inches beyond the outer tracks, that the sweepers swept the snow in front of them and did not pile it up, and that later the snowplows of the District of Columbia picked up the snow where the sweepers had left off, and pushed or shoved it over against the curbing. In other words, the evidence shows without contradiction that the traction company was not responsible for the alleged embankment of the snow next to the curbing. Inasmuch as this fact refutes the sole charge of negligence alleged against the company, the lower court was right in directing a verdict in its favor. Pleasants v. Fant, 22 Wall. 122, 22 L. Ed. 780; Marion County v. Clark, 94 U. S. 278, 24 L. Ed. 259; Patton v. Texas & Pacific Railroad Company, 179 U. S. 658, 21 S. Ct. 275, 45 L. Ed. 361.

Appellant charges the District of Columbia with negligence similar to that charged against the traction company in the treatment of the snow upon the bridge, and also charges negligence in respect to the iron fence or railing at the sides of the bridge, alleging that it was unsafe. The defendant denied these charges, and in turn charged that the automobile was driven upon the bridge at a reckless and negligent rate of speed, constituting contributory negligence upon the part of the driver of the car and of plaintiff, who, although a passenger, was alleged to be engaged at the time in a joint enterprise with the driver. The issues were fully tried, and we think that the verdict and judgment for the District are fully sustained by the evidence.

. The plaintiff presents three assignments of error. The first and second challenge defendant's requested instructions 4 and 5 relating to contributory negligence, which were granted, and the third assigns error to the granting of a directed verdict for the traction company.

■ We need not discuss these assignments in detail, for in our opinion there is no evidence in the record tending to prove that the snowbank at either curb was the cause of the sudden turn made by the automobile upon the bridge, or contributed in any manner to such a result. The testimony, including photographs of the locality taken the day after the accident, show that there was but a thin covering of snow, such as had escaped the sweepers, upon the roadway, except for the banks on either side. Accordingly there was a cleared and level roadway about 20 feet wide the entire length of the bridge. The banks of snow flanked the sides of this roadway, and were of course in plain view of the driver of the automobile. The automobile had safely traveled a distance of about 70 feet upon the bridge, and it was unnecessary at the time of the accident for it to be driven over or against the bank to the right of its travel. Moreover there is no evidence tending to show that the wheels of the car ever touched the snowbank, but it is in evidence that the automobile was traveling upon the street car tracks at the moment when it made the sudden skid to the left. It is needless to say that, if the wheels of the car did not come in contact with the bank of snow, the accident must have happened from some other cause. There is a great preponderance of the evidence to the effect that the automobile at the time it skidded was traveling at a speed of 25 miles an hour, but, so .

far as the evidence goes, the cause of the accident remains a subject of mere conjecture. There is some testimony to the effect that the iron railing through which the car ran after· crossing the roadway was in an unsafe condition, but there is a decided preponderance of testimony to the contrary. It is plain, however, that the railing was constructed for the safety of pedestrians, and was not designed to resist the impact of a moving automobile.

■■ The burden of proof at the trial was upon the plaintiff, in order to recover against either defendant, to establish by the preponderance of the evidence that the accident was in fact caused by the negligent act or omission of such defendant. The causal connection between the accident and the negligence of the defendant must not be left to mere conjecture or supposition. There is a complete failure of proof in the present record upon this vital point, and this fact defeats appellant's appeal in this court.

■ In Bennett v. Washington Terminal Co., 55 App. D. C. 111, 2 F.(2d) 913, 915, Mr. Justice Van Orsdel, speaking for this court, said: "Negligence is a matter of proof to be established by competent evidence. The burden of establishing negligence is upon the complaining party. The mere fact that an accident occurred creates no presumption of negligence on the part of the defendant company. It is an affirmative fact, incumbent upon the plaintiff to prove and establish by such direct and positive evidence that the jury may reasonably infer the facts upon which negligence may be predicated."

These principles apply with equal force to the necessity for affirmative proof of the causal relation between the alleged negligence and the accident in question.

"An inference cannot be drawn from a presumption, but must be founded upon some fact legally established. This court has repeatedly held that when liability depends upon carelessness or fault of a person, or his agents, the right of recovery depends upon the same being shown by competent evidence, and it is incumbent upon such a plaintiff to furnish evidence to show how and why the accident occurred—some fact or facts by which it can be determined by the jury, and not be left entirely to conjecture, guess, or random judgment, upon mere supposition, without a single known fact." C. & O. Ry. Co. v. Heath, 103 Va. 64, 48 S. E. 508; Va. Iron, etc., Co. v. Hughes, 118 Va. 731, 740, 88 S. E. 88.

In view of the failure of evidence as aforesaid, the judgment of the lower court is affirmed.

HITZ, Associate Justice, took no part in the consideration or decision of this case.