**LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**B. FRANK JOY COMPANY, Inc., et al., Defendants.**

**Civ. A. No. 2372–65.**

United States District Court
District of Columbia.
Nov. 12, 1968.

Macleay, Lynch, Bernhard & Gregg, Washington, D. C., for plaintiff.

Pledger, Edgerton & Mahoney, Washington, D. C., for defendants B. Frank Joy Co. and Potomac Electric Power Co.

Bruce S. Mencher, Corporation Counsel, Washington, D. C., for defendant District of Columbia.

## MEMORANDUM OPINION

PRATT, District Judge.

This is an action in tort by Liberty Mutual Insurance Company, as subrogee for Howard P. Foley Company ("Foley") electrical contractors, against B. Frank Joy Company, Inc., excavating contractors ("Joy"), the Potomac Electric Power Company ("Pepco"), which engaged the services of Joy, and the District of Columbia. The gravamen of the complaint is that a break in the water main in front of premises 1745 Massachusetts Avenue, N.W. was caused by the negligence of all defendants, as a result of which the basement of 1745 Massachusetts Avenue, N.W. was flooded and the property of Foley being stored and installed therein was damaged. Defendants, in substance, denied the allegations of negligence. At the close of plaintiff's case, the Court granted a directed verdict for defendant District of Columbia. The Court, although not convinced that the plaintiff had made out a case for negligence, nevertheless submitted the question of the liability of the remaining defendants to the jury, which returned a verdict for plaintiff against defendant Joy for $5,105.60.

Defendant Joy, pursuant to Rule 50 of the Federal Rules of Civil Procedure, has filed the present motion to vacate and set aside the verdict and judgment for plaintiff and to have judgment entered in accordance with defendant's motion for a directed verdict, which the Court denied at trial. This is, in effect, a motion for judgment notwithstanding the verdict, since the questions raised by a motion for a directed verdict and by judgment *non obstante veredicto* are the same. Shaw v. Edward Hines Lumber Co. (1957), 7 Cir., 249 F.2d 434. These questions are whether plaintiff presented any evidence of defendant Joy's negligence and whether, as a matter of law, plaintiff has made out a case of negligence for submission to the jury.

We have carefully reviewed the transcript of the pertinent testimony and

can only conclude that plaintiff has failed to carry its burden of proving negligence on the part of defendant, as it is required to do under the settled law of this jurisdiction. See Martin v. United States (1955), 96 U.S.App.D.C. 294, 225 F.2d 945; Pennsylvania Railroad Company v. Pomeroy (1956), 99 U.S.App.D.C. 272, 239 F.2d 435.

In its complaint, plaintiff alleged the following specific acts of negligence on the part of the defendants: failure to properly excavate the area around the water main; improperly exposing the water main without taking proper precautions; failure to install proper supports for the exposed water main; failure to install proper shock absorption devices for the water main; and failure to conduct tests while the water main was exposed to determine internal and external pressure. It is undisputed that defendant Joy performed certain excavations in the 1700 block of Massachusetts Avenue, N.W. during the period October 24 to November 6, 1963, that the water main broke in several places on the evening of November 7, 1963, that the weather reports showed 2.58 inches of rain on November 6 and .23 inches on November 7, and that the basement of the premises at 1745 Massachusetts Avenue, N.W. was flooded causing damage to plaintiff's equipment. There was no testimony that defendant Joy performed the particular excavation work complained of, or, assuming *arguendo* that Joy had excavated in the close vicinity of the fractured main, that Joy had been guilty of any of the specific acts of negligence alleged in the complaint or in any way failed to exercise due care in the performance of its work. On the contrary, Mr. Stearn, Chief of Water Operations for the District of Columbia, the only witness on the subject of the excavation, testified that the earth around the water main had not been moved and that the bedding for two feet on each side of the water main appeared to be the original bedding of the water main at the point of the break.

(Tr. 64, 65) Furthermore, Mr. Baker of the Foley Company testified on cross-examination that he had observed, during the course of this construction, supply trucks loaded with bricks or cinder-blocks, cement and steel using the driveway to go in and out of the job site. (Tr. 29, 30) Mr. Stearn also testified that he saw tracks of vehicles in the area around the vault. (Tr. 50) There was no testimony which identified the vehicles making the tracks or in any way connecting said vehicles with defendant Joy.

To summarize, the mere happening of an accident does not create a presumption of negligence on the part of anyone. "An inference cannot be drawn from a presumption but must be founded upon some fact legally established." Collins v. District of Columbia (1931) 60 App.D.C. 100, 48 F.2d 1012 at 1014, citing Bennett v. Washington Terminal Co., 55 App.D.C. 111, 2 F.2d 913, 915.

In the present case, the plaintiff failed to carry its burden of proving sufficient facts to warrant the inference that defendant Joy was negligent in its work of excavation, or that such negligence was causally connected with the damages sustained by Foley.

An order consistent with the foregoing opinion has this day been entered.

### ORDER

Upon consideration of the motion of defendant B. Frank Joy Company, Inc., to vacate and set aside the motion and judgment entered herein on September 6, 1968 and for entry of judgment for said defendant upon its motion for a directed verdict pursuant to the provisions of Rule 50 of the Federal Rules of Civil Procedure, it is by the Court this 12th day of November, 1968,

Ordered that the verdict and judgment heretofore entered for plaintiff be and the same is hereby vacated and set aside and that judgment *non obstante veredicto be* and the same is entered for defendant B. Frank Joy Company, Inc.