KENNETH PEARSON *v.* JACK WILTROUT ET AL.

[No. 526, September Term, 1972.]

*Decided April 11, 1973.*

498

The cause was argued before MORTON, MOYLAN and SCANLAN, JJ.

*Thomas A. Rymer* for appellant.

*Geoffrey D. Cant,* with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellees.

SCANLAN, J., delivered the opinion of the Court.

Appellant, Kenneth Pearson, was the defendant in an action brought by the appellees, Jack Wiltrout and Liberty Mutual Insurance Company, in the Circuit Court for Calvert County. Appellees' suit sought damages for negligence in causing a fire in a dwelling house owned by Wiltrout. Appellant was a roomer in the dwelling house at the time the fire occurred. The trial judge, sitting without a jury, found in favor of the appellees and awarded damages in the amount of $10,177.73. Appellant's major attack on the decision below is his contention that the trial court's ruling was clearly erroneous, in that it lacked sufficient supporting evidence.[1]

---

1. Appellant also complains that Rules 18 c and 564 were not complied with, since the trial judge's memorandum opinion and findings of fact were, in appellant's words, "uncertain and ambiguous." *In re Rockett's Estate,* 348 Pa. 445, 35 A. 2d 303, 305 (1944). We disagree. The memorandum speaks for itself. Whatever imprecision in some of its language, the memorandum relates that the plaintiff met his burden of proof in demonstrating the appellant's negligence through expert testimony, by showing that the fire was caused by a smoldering cigarette left in the vicinity of a dresser in the appellant's bedroom in front of which the appellant had shaved shortly before retiring on the night of the fire. If the evidence was sufficient to support the trial judge's ruling, his de-

The fire occurred in the early morning of August 25, 1971. On the day before the fire the appellant had rented a room from Mr. Wiltrout and moved into the dwelling house. Two other tenants also resided there at the time. All three tenants had rooms on the first floor. The appellant occupied a bedroom by himself; the two other tenants shared a bedroom. The three men were the only persons in the house on the night of the fire.

Early in the evening, the three had gone to a friend's house where they watched television and drank beer. According to the testimony, the appellant consumed four or five beers during the course of the evening.

After their return home, one of the roomers went to bed a little after 11:00 p.m., the second at 11:30 p.m., with the appellant retiring to his bedroom some ten minutes thereafter. The appellant was smoking a cigarette in the living room when the two other tenants went to bed. He testified that he extinguished his cigarette in an ashtray in the living room before going to his own room.

There was a dresser in the appellant's bedroom located approximately four feet from the door of the room. Prior to going to bed, he shaved with an electric razor in front of this dresser. He then laid out his next day's attire on top of the dresser.

The fire was detected at approximately 12:50 a.m., approximately 45 minutes after the appellant had retired. The fire began in the appellant's room and, apparently, he was the first to discover it. While there was smoke in the room where the other two tenants had been sleeping, there was no actual fire in that room or in any other part of the house, with the exception of the appellant's bedroom.

There was testimony that the appellant smoked a cigarette approximately every half hour. One of the

cision will not be set aside because the memorandum opinion through which it was announced may not be the epitome of clarity in expression. This Court sits to review the judgments of trial courts, not their syntax.

other tenants did not smoke at all; the second smoked a pipe and cigars.

The chief of the Calvert County Volunteer Fire Department testified as an expert witness for the appellees. The chief had taken special fire training courses at the University of Maryland and had passed the Maryland examination for fire investigator.

The fire chief arrived on the scene on the night the fire occurred and investigated the possible origins of the fire on the next day. He was able to pinpoint the actual fire as one which had been confined to the bedroom occupied by the appellant. He also testified that the heaviest fire occurred in the immediate area of the appellant's dresser, which was heavily charred.

The chief ruled out a number of alternative possible causes of the fire, such as defective wiring, heating equipment or spontaneous combustion. He testified that the direct and probable cause of the fire was a smoldering cigarette. He further testified that in his opinion the fire had started on top of the dresser in the appellant's bedroom.

The appellant denied that he had smoked in the bedroom on the evening of the fire.

The appellant argues that the trial court's finding of negligence on his part was clearly erroneous, in that there was no sufficient basis for a rational inference of negligence. Proof of negligence in this case, he contends, does not rise above surmise or conjecture. *Flohr v. Coleman,* 245 Md. 254, 268, 225 A. 2d 868 (1967). As a case allegedly in point, appellant relies on *Firemen's Fund Insurance Co. v. Romero,* 128 Cal. App. 331, 275 P. 2d 83 (1954). On close analysis, not only is the case distinguishable but it furnishes more comfort to the appellees than to the appellant. In *Romero* an action was brought to recover for fire damage to a house, the plaintiff alleging that the defendant negligently had started the fire by smoking in bed. A finding in plaintiff's favor was reversed by the California Court of Appeals on the ground that hearsay testimony concerning the defen-

dant's smoking habits had been erroneously admitted in evidence. There was no expert testimony as to the cause of the fire. A fire investigator did look into the case a year after the fire, but his investigation consisted entirely of personal interviews. In remanding the case for a new trial, the court observed that it did "not question that the circumstantial evidence was sufficient to have justified findings that Romero was negligent and that his negligence was the proximate cause of the fire." *Id.* at 87.

Like the *Romero* case, the case before us is one which must be decided on the basis of circumstantial evidence. Unlike *Romero,* however, there was expert testimony as to the probable cause of the fire, *i.e.,* a smoldering cigarette left on the dresser in a bedroom occupied by the appellant. The question is, therefore, whether the evidence is sufficient to support a rational inference that the fire was caused by the appellant's negligence. This of course is a circumstantial evidence case and not one in which the plaintiffs may rely on *res ipsa loquitur. Cf. Lewis v. Firestone,* 130 A. 2d 317 (D.C. Mun. App. 1957). For the appellees to prevail they must do so by proof, not by presumption.[2]

It has long been settled in this State that a defendant's negligence may be shown by either direct *or* circumstantial evidence, and may be inferred from all of the facts of the case. *The Western Maryland Railroad Co. v. Shivers,* 101 Md. 391, 61 A. 618 (1905) ; *Burke v. Baltimore,* 127 Md. 554, 96 A. 693 (1916). Illustrative is *Baltimore American Underwriters v. Beckley,* 173 Md. 202, 195 A. 550 (1937), involving an action against a subcontractor on account of a fire alleged to have resulted from the negligence of the subcontractor's employees in using an inflammable paste to remove varnish

---

2. *Res ipsa loquitur* is applied infrequently in cases involving fires. *Kapros v. Pearce Oil Corp.,* 324 Mo. 992, 25 S.W.2d 777, 78 A.L.R. 722 (1930). *Washington Loan and Trust Co. v. Hickey,* 78 U.S.App.D.C. 59, 137 F. 2d 677, 679 (1943). See *Heiserman et al. v. The Baltimore and Annapolis Railroad Company,* 15 Md. App. 657, and cases cited therein for a general discussion of *res ipsa loquitur.*

in a room in a dwelling without properly ventilating the room and at the same time failing to cut off the electrical current. One of the men employed in the firm at the time of the fire had died before trial and the other was not called as a witness. The trial court withdrew the case from the jury at the close of the plaintiff's case. In reversing, the Court of Appeals said:

> "The decision of the question as to the legal sufficiency of the evidence produced to support the plaintiff's theory must, therefore, depend upon a consideration of the inferences of which that evidence may reasonably admit, there being no direct proof as to how the fire originated." 173 Md. at 206 (emphasis added).

In the case at bar, as in *Beckley,* there was no direct proof as to how the fire began. Still, the evidence shows: that the appellant was the only cigarette smoker in the house at the time the fire broke out; that the fire began in his room, starting in the vicinity of the dresser in front of which he had shaved shortly before going to bed; that, according to an expert witness, the probable cause of the fire was a smoldering cigarette left on top of the dresser; that the fire itself, as opposed to smoke produced by the fire, was confined to the appellant's bedroom; and that a number of other possible causes of the fire were ruled out by expert testimony.

Pitted against this evidence and the rational inference it permits is the testimony of the appellant that he had not smoked in his bedroom before retiring. The trier of the fact, however, was entitled to disbelieve the appellant's testimony and to accept the expert testimony as to the cause of the fire and the rational inferences to be drawn therefrom. *Antonelli v. Pugh,* 231 Md. 194, 198, 189 A. 2d 653 (1963). In *Antonelli,* the Court of Appeals upheld the use of circumstantial evidence as a basis to take the case to the jury by affirming a verdict for a defendant who had relied on circumstantial evidence as to the cause of an automobile accident which was in

contradiction to direct testimony offered by one of the drivers involved, the sole survivor of the accident. Similarly, in *Board of County Commissioners of Frederick County v. Dorcus*, 247 Md. 251, 230 A. 2d 656 (1967), the Court of Appeals held that circumstantial evidence consisting mainly of tire marks on the road seen by witnesses after an automobile accident were sufficient to permit the case to go to the jury. The Court stated:

> "There was also testimony of fresh tire marks, gouge marks, and a stain of oil or brake fluid which would place the county truck at least partially to the left of center. *Although this evidence was circumstantial, it could be used to contradict and overcome direct and positive testimony providing that the inferences drawn from it were reasonable and probable. Acme Poultry Corp. v. Melville, supra.* There is no requirement that the circumstances, to justify the inferences sought, negate every other positive or possible conclusion. *Melville v. State of Maryland, supra.*" 247 Md. at 259 (emphasis added).

As in *Dorcus*, there is present here a conflict between (a) "reasonable" and "probable" inferences, arising out of circumstantial evidence, concerning the cause of the fire, as provided through expert testimony, and (b) the direct testimony of appellant that he was not smoking in his bedroom shortly before the fire erupted. "There was, therefore, in the case a direct conflict as to the real factual situation. Such conflicts the trier of facts must resolve." *Id.* The trial judge has resolved the conflict in appellees' favor. We cannot say that he was clearly erroneous in that conclusion. Rule 1086.

*Judgment affirmed; costs to be paid by appellant.*