IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**JIMMY TOWNSEND  v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. B-87143     W. Otis Higgs, Jr., Judge**

**No. W2008-02242-CCA-R3-CO   -   Filed August 18, 2009**

The Petitioner, Jimmy Townsend, appeals the trial court's denial of his petition for coram nobis relief.  The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  We conclude that the State's motion is meritorious.  Accordingly, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20 of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Jimmy Townsend, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Leslie E. Price, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 1983, the petitioner pled guilty to selling a controlled substance and unlawful possession of a controlled substance with intent to sell and deliver.  He received a maximum sentence of four years in confinement, to be served concurrently to other unrelated cases.  Almost twenty-five years after his conviction, the petitioner filed a "motion for writ of error coram nobis or in the alternative withdraw guilty plea," arguing that he was not properly advised of the consequences of his guilty plea and that he was improperly denied the opportunity to address the court for leniency during sentencing.  The Criminal Court for Shelby County dismissed the petitioner's writ of error coram nobis because it was filed outside the statute of limitations, without any factual merit, and failed to state a claim that would entitle him to relief.

The petitioner now appeals the dismissal of his motion for writ of error coram nobis and re-submits the same arguments that were presented to the trial court.  Consequently, the State has filed a motion requesting that this court affirm the trial court's dismissal of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.  The State asserts that the petition is time-barred and fails to raise a cognizable claim for coram nobis relief.  We agree with the State.

Relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. The statute provides, in pertinent part:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

T.C.A. § 40-26-105 (b) and (c).

When the petition addresses newly or subsequently discovered evidence, the evidence must be admissible under the rules of evidence and material to an issue raised in the petition. Hart, 911 S.W.2d at 375. The petition must state:

> (1) the grounds and the nature of the newly discovered evidence;
> (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial;
> (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and
> (4) the relief sought by the petitioner.

Newsome v. State, 995 S.W.2d 129, 133 (Tenn.Crim.App.1998) (citing Hart, 911 S.W.2d at 374-75). Moreover, the decision to grant or deny a petition for writ of error coram nobis on the ground of newly discovered evidence rests within the sound discretion of the trial court. Hart, 911 S.W.2d at 375; see T.C.A. § 40-26-105. Finally, the writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999). The "purpose of this remedy 'is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment.'" State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting State ex rel. Carlson v. State, 407 S.W.2d 16, 167 (Tenn. 1966)).

The statute of limitations for a writ of error coram nobis is one year from the date the judgment becomes final in the trial court. T.C.A.§§ 27-7-103, 40-26-105; Mixon, 983 S.W.2d at 671. A judgment becomes final, for purposes of coram nobis relief, thirty days after the entry of the judgment in the trial court if no post-trial motion is filed. Mixon, 983 S.W.2d at 670. Here, the petitioner pled guilty on October 30, 1983, did not file any post-trial motions, and did not file his petition for writ of error coram nobis until April 9, 2008. The State filed a motion to dismiss arguing the petition was untimely and failed to state a claim for relief. The trial court summarily dismissed the petition, finding that the petition was filed outside of the one-year statute of limitations applicable to coram nobis proceedings and that the petitioner's issues were without merit. The

petitioner does not provide an explanation for the over twenty-year delay in filing the petition for writ of error coram nobis in this case and does not implicate any due process concerns that would require the statue of limitations to be tolled. See Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001) (holding that due process concerns may require that the statute of limitations for filing a petition for writ of error coram nobis be tolled). Accordingly, the petition is time barred.

Notwithstanding our above conclusion, the petition fails to assert subsequent or newly discovered evidence, as required for a writ of error coram nobis. Here, the petitioner's issues include: "(1) whether the plea of guilty should be set aside because it was the product of false assurances that the prosecutor would recommend consolidation of sentences; (2) whether the plea should be set aside because the court below fail[ed] to inform appellant of applicable mandatory minimum maximum penalty and special parole term and supervise[d] relief; and (3) whether the appellant was denied an opportunity to address the court for leniency during his sentencing toward punishment[.]" In the petitioner's first issue, he argues that he was coerced into pleading guilty because he was told that he would receive a consolidated sentence. In his second issue, he argues that his plea should be set aside because the trial court failed to advise him of his "mandatory minimum penalty and special parol term and supervise relief." In his third issue, he argues that the record and sentencing transcript will show that the trial court "silenced [him] after he made an attempt to address the court with mitigation toward punishment . . ." None of the petitioner's claims present "subsequently or newly discovered evidence ... [which] may have resulted in a different judgment, had [they] been presented at trial." Even if we were inclined to consider the issues raised by the petitioner, we are unable to do so because he failed to include transcripts of the guilty plea colloquy and the sentencing hearing for our review in this appeal. See T.R.A.P. 24; T.C.A. § 40-35-210(b) ("It is the duty of the defendant to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. Failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full de novo review of the sentence[.]"). Accordingly, we conclude that the trial court properly denied the motion for writ of error coram nobis.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE